United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMILLAH DUNN, KEVIN SMITH, ERIC DE LA LUZ, and ALAN STARZINSKI, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

ROBINHOOD MARKETS, INC., a Delaware company,

Defendant.

Case No. 26-cv-04291-TLT

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF STANDING**

Re: Dkt. Nos. 28, 32

In this action, Plaintiffs allege that third-party trackers from Google intercepted their sensitive financial information while they were logged into Defendant's website and accessing their portfolios and securities. ECF 28 ("FAC") ¶¶ 92, 99, 105, 111. The sensitive financial information included securities-search terms, stock names and prices, watchlist relationships, ownership of securities, views of options contracts for stocks, and account numbers transmitted during account-settings and service-offer interactions. *Id.* ¶¶ 70–73, 75–76. Defendant does not raise standing as a ground for dismissal in its motion to dismiss. ECF 32.

A review of the FAC raised concerns about the Court's subject matter jurisdiction. The Court ordered the parties to address Article III standing under Federal Rule of Civil Procedure 12(b)(1), based on Plaintiffs' failure to allege facts supporting an inference that they suffered a concrete injury under *Popa v. Microsoft Corp.*, 153 F.4th 784 (9th Cir. 2025). ECF 33; *see Wash. Env't. Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013) (federal courts have "an independent duty to assure that standing exists, irrespective of whether the parties challenge it."). In *Popa*, the plaintiff alleged that the defendant's session-replay technology captured her

information while she browsed for pet supplies on a pet supply website. 153 F.4th at 786–87. The Ninth Circuit affirmed the district court's dismissal for lack of Article III standing because the nature of the collected information was not "embarrassing, invasive, or otherwise private." *Id.* at 791. The Ninth Circuit held that the plaintiff had not established "how the tracking of her interactions [] caused her to experience any kind of harm that is remotely similar to the 'highly offensive' interferences or disclosures that were actionable at common law." *Id.* The parties timely submitted their responses. ECF 34–35.

Plaintiffs contend that the financial information alleged in the FAC is sufficient to establish Article III standing in reliance on *Garcia v. Truist Financial Corp.*, 825 F. Supp. 3d 1149 (C.D. Cal. 2026) and *In re Meta Pixel Tax Filing Cases*, 826 F. Supp. 3d 1217 (N.D. Cal. 2026). The *Garcia* court found that the nonconsensual disclosure of plaintiff's citizenship, housing status, and employment information is the kind of "highly offensive" harm. 825 F. Supp. 3d at 1161. In the latter case, Judge P. Casey Pitts determined that disclosing the plaintiff's fiancé as a dependent constitutes "embarrassing, invasive, or otherwise private information" because it shows that the fiancé "makes a lot less money than [her]" and that "many people might think is "not a normal situation."" *In re Meta Pixel Tax Filing Cases*, 826 F. Supp. 3d at 1230–31.

The Court is not persuaded that the interception of Plaintiffs' financial information on Defendant's website in this action could step into the kind of harm that *Popa* recognizes. Although Plaintiffs point to certain financial information based on their activity on Defendant's website, the FAC identifies nothing more than the products that interested them and therefore alleges "no embarrassing, invasive, or otherwise private information collected by" Defendant. *Popa*, 153 F.4th at 791.

Further, courts in this district have found lack of standing in similar circumstances. *See Ortiz v. Foris Dax Inc.*, No. 25-cv-08950-EMC, 2026 WL 3002660 (N.D. Cal. Oct. 6, 2026); *Kaidi, v. T-Mobile USA, Inc.*, No. 26-cv-04412-TLT, 2026 WL 3151515 (N.D. Cal. Oct. 21, 2026); *Torres v. SeatGeek, Inc.*, No. 25-cv-07118-LB, 2026 WL 1495202 (N.D. Cal. May 28, 2026); *Mckie, v. Huel Ltd.*, No. 26-cv-00653-CRB, 2026 WL 3207486 (N.D. Cal. Oct. 26, 2026); *cf. Black v. IEC Grp., Inc.*, No. 25-5952, 2026 WL 3031874, at *2 (9th Cir. Oct. 9, 2026) (finding

standing because health information discloses "a confidential relationship grounded in promises"); *In re Blue Shield of Cal. Priv. Litig.*, 840 F. Supp. 3d 841, 847 (N.D. Cal. 2026) (same).

For the foregoing reasons, the Court finds that Plaintiffs fail to adequately allege facts that would establish Article III standing. Accordingly, the Court hereby **GRANTS** Defendant's motion to dismiss with leave to amend within fourteen (14) days of this Order, and no later than November 23, 2026.

The further case management conference scheduled for 2/11/2027 at 2:00 PM in San Francisco - Videoconference Only is maintained.

This Order resolves ECF 32.

IT IS SO ORDERED.

Dated: November 9, 2026

TRINA L. THOMPSON
United States District Judge